CURRENT OHIO COURT of APPEALS CASES
Weekly Advance Abstract Opinions

No. 569
PEARSON v. GOODRICH
Ohio Appeals, 2d Dist., Miami County
No. 172. Decided August 23, 1924
114. ATTORNEYS—Contract for attorney fees may be waived.
1235. VERDICT—Verdict held not manifestly against the weight of evidence.

BY THE COURT.          Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Goodrich to recover attorney fees. The plaintiff set up a written agreement for attorney fees, but claimed that this contract was waived by a subsequent oral contract to the effect that the plaintiff was to receive a reasonable compensation for his services. The trial resulted in a verdict in favor of plaintiff in the sum of $500. The defendant prosecuted error, claiming that: (1) The trial court erred in refusing to give special charges, and (2) that the evidence was insufficient to sustain the verdict.

The special charges were to the effect that the wrtiten contract could not be waived unless the proof of waiver was made out by such clear and convincing evidence as to leave no reasonable doubt about the waiver of the written contract. These charges were refused and the court, in its general charge, gave the law to the jury that the waiver might be sustained, if the evidence in support thereof was sufficient to prove such waiver by clear and convincing evidence. In sustaining the judgment of the lower court, the Court of Appeals held:

1. A contract for attorney fees may be waived in a trial before a jury, upon proof amounting to clear and convincing evidence.

2. As there was a sharp conflict in the evidence, it cannot be said that the verdict was manifestly against the weight of the evidence.

Attorneys—E. H. Kerr, Tippecanoe City, for Pearson; F. C. Goodrich and G. T. Thomas, Troy, for Goodrich.

No. 570
HISSEM v. GURAN
Ohio Appeals, 9th Dist., Summit Co.
No. 962. July 10, 1924
118. AUTOMOBILES—Law requiring certificates for operation of motor transportation companies applies only to common carriers which term does not include persons transporting property under private contract only.

PARDEE, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas wherein Melvin H. Hissem, plaintiff, sought to enjoin Matthew B. Guran et al from operating for hire motor trucks for the purpose of transporting milk over certain roads in Summit county. Defendants carried such milk under separate contracts with the Summit County Milk Producers' Association. Plaintiff contended that defendants had not obtained from the Public Utilities Commission the necessary certificates to operate a motor transportation company as a common carrier for hire under the Freeman-Collister law found in 110 OL. 211, 614-2 GC., providing that any one carrying persons or property in motor propelled vehicles for hire shall be deemed motor transportation companies. In the Common Pleas the petition was denied. Hissem prosecuted error. Held:

The Freeman-Collister law applies only to common carriers. Common carriers are ones who carry "goods for all persons indifferently who may choose to employ" them. 28 OS. 144.

These defendants transported milk exclusively for members of an association and for no other purpose and are not common carriers within the meaning of the Freeman-Collister law. Judgment affirmed.

Attorneys—Musser, Kimber & Hoffman, for Hissem; Wittmore & Motz, for Guran; all of Akron.